IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH DIAL, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>DENIS McDONOUGH, )<br>Secretary, Department of Veteran Affairs )<br>)<br>**Defendant.** )<br>_____) | CIVIL ACTION<br><br>No. 21-01071-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion To Strike And Reply In Support Of Motion For Summary Judgment (Doc. #88) filed October 4, 2022.   For reasons stated below, the Court overrules defendant's motion to strike.

**Legal Standard**

Under Rule 12(f), Fed. R. Civ. P., the Court may strike material from pleadings.   Motions and other papers are not pleadings.   See Fed. R. Civ. P. 7(a) (pleadings include complaint, answer, reply to counterclaim, answer to counterclaim, third-party complaint and third-party answer); Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs., 230 F.R.D. 657, 660 (D.N.M. 2005) (complaint, answer and reply constitute pleadings; motions and other papers not pleadings). Although a party may object to summary judgment evidence that is inadmissible, a separate motion to strike is not necessary or appropriate.   Fed. R. Civ. P. 56(c)(2) ("[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); Fed. R. Civ. P. 56 advisory committee's note to 2010 amend. ("There is no need to make a separate motion to strike."); Murray v. Edwards Cty. Sheriff's Dep't, 453 F. Supp. 2d 1280,

1284 (D. Kan. 2006) (striking evidence not best approach), aff'd, 248 F. App'x 993 (10th Cir. 2007); Campbell v. Shinseki, 546 Fed. Appx. 874, 879 (11th Cir. 2013); Cutting Underwater Tech. USA, Inc. v. Eni U.S. Oper. Co., 671 F.3d 512, 515 (5th Cir. 2012).

## Background

Elizabeth Dial, a Black female, worked for the Department of Veteran Affairs ("VA") from December of 2011 to April of 2020.  Pretrial Order (Doc. #66) filed June 30, 2022 at 2.  She brings suit against the VA for race discrimination, harassment, retaliation and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.  Complaint (Doc. #1) filed March, 18, 2021.

On July 1, 2022, defendant filed a motion for summary judgment.  Defendant's Motion For Summary Judgment (Doc. #67).  On September 6, 2020, plaintiff filed a response.  Plaintiff's Memorandum Of Law In Opposition To Defendant's Motion For Summary Judgment (Doc. #80).  On the same day, plaintiff filed a separate document that contained her statement of facts in support of her response.  Statement Of Facts (Doc. #82) filed September 6, 2022.

On October 4, 2022, defendant filed a reply and motion to strike.  Defendant's Motion To Strike And Reply In Support Of Motion For Summary Judgment ("Motion To Strike") (Doc. #88).  Defendant seeks to strike certain exhibits that he asserts are inadmissible.  Defendant also asks this Court to strike plaintiff's statement of facts and responsive brief because plaintiff did not follow local rules.  Id. at 2.  Plaintiff did not file a response to this motion.

## Analysis

**I.     Response Memorandum And Statement Of Facts**

Defendant asks the Court to strike plaintiff's response memorandum and statement of facts because she did not comply with Rule 7.6(a)(2) and Rule 56.1(b)(1), which require that a statement

of facts be included in her memorandum. While plaintiff should have included her statement of facts in her response memorandum, the separate filing does not prejudice defendant or make it overly burdensome for him to respond. Cf. Tolle v. Am. Drug Stores, Inc., No. 05-2191-KHV, 2006 WL 1537398, at *1 (D. Kan. June 1, 2006) (reluctantly striking plaintiffs' summary judgment response in flagrant violation of D. Kan. Rule 56.1(b)(1) where court could not envision how defense counsel could prepare meaningful reply). The Court therefore overrules defendant's motion to strike plaintiff's response brief and statement of facts.

**II.     Exhibits**

Defendant's motion to strike evidence from plaintiff's summary judgment response is not appropriate. Another District of Kansas judge has explained as follows:

> Instead of striking an affidavit, the better approach is for the court to consider each affidavit and, to the extent it may assert a fact which is not admissible evidence, simply exclude the requested fact from the court's ultimate findings.

Murray v. Edwards Cty. Sheriff's Dep't, 453 F. Supp. 2d 1280, 1284 (D. Kan. 2006), aff'd, 248 F. App'x 993 (10th Cir. 2007). In his reply to plaintiff's response brief, defendant raises the issue of admissibility several times. The Court is aware of its duty to consider only evidence which would be admissible at trial and will consider defendant's evidentiary arguments in its forthcoming order on defendant's motion for summary judgment.

**IT IS THERFORE ORDERED** that defendant's motion to strike in Defendant's Motion To Strike And Reply In Support Of Motion For Summary Judgment (Doc. #88) filed October 4, 2022 is **OVERRULED**.

Dated this 3rd day of November, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
