IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ELIZABETH DIAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 21-01071-KHV |
| DENIS McDONOUGH, | ) | |
| Secretary, Department of Veteran Affairs, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Proposed Intervenor Dashaun McCray's Application To
Intervene For The Limited Purpose Of Modifying Protective Order (Doc. #171) filed April 14,
2023.  For reasons set forth below, the Court sustains the motion.

### I.     Background

On March 18, 2021, Elizabeth Dial filed this action against her former employer, the United
States Department of Veteran Affairs (the "VA"), alleging that it discriminated against her on the
basis of race, maintained a hostile work environment, retaliated against her and constructively
discharged her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
See Pretrial Order (Doc. #66) filed June 30, 2022 at 16–17.  On November 29, 2022, the Court
granted summary judgment for defendant on several of plaintiff's Title VII disparate treatment
claims.  See Memorandum And Order (Doc. #96).  The Court overruled defendant's summary
judgment motion, however, on various claims.  See id.  On February 3, 2023, the parties informed
the Court that they had reached a settlement, and the Court closed the case.

The proposed intervenor is plaintiff in Deshaun McCray v. Dennis McDonough, No. 22-
2154-DDC-ADM, which is currently pending in this district, before Judge Daniel D. Crabtree.

Plaintiff's counsel also represents McCray.  McCray brought suit against the VA, alleging that it discriminated against her on the basis of race, maintained a hostile work environment, retaliated against her and constructively discharged her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  See Exhibit 1 (Doc. #171-1) filed April 14, 2023.  McCray and plaintiff worked in the same location and under the same supervisor, Ruth Duda.  Like plaintiff, McCray alleges that Duda usurped her authority, overloaded her with work, generally berated her and retaliated against her for complaining about race discrimination.  In fact, McCray alleges that at the VA, she and plaintiff together complained about Duda's discrimination.  Judge Crabtree has dismissed McCray's hostile work environment and constructive discharge claims.

## II.     Analysis

McCray seeks permissive intervention under Rule 24(b), Fed. R. Civ. P.  Under Rule 24(b), the Court may permit a party to intervene when the applicant's claim shares with the main action a common question of law or fact.  Permissive intervention is within the sound discretion of the Court.  Arney v. Finney, 967 F.2d 418, 421 (10th Cir. 1992).  In deciding the motion, the Court considers (1) whether the application is timely; (2) whether the movant's claim and the underlying action share a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice adjudication of rights of the original parties.  Cont'l W. Ins. Co. v. Al's Custom Cutting, Inc., No. 05-2453-CM, 2006 WL 2920315, at *1 (D. Kan. Oct. 11, 2006).

When a litigant seeks permissive intervention solely for the purpose of accessing discovery materials subject to a protective order, "no particularly strong nexus of fact or law need exist between the two suits."  United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990) (common issue of insurance policy interpretation sufficient); see also  Holmes v. United Parcel Service, Inc., No. 04-2315, 2006 WL 1642719, at *2 (D. Kan. Feb. 16, 2006) (common

factual issues whether defendant committed discrimination with respect to plaintiff in this case and movants in their action).  The timeliness requirement is also relaxed.  Id.; see e.g., Utah Ass'n of Ctnys. v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001) ("The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.  Federal courts should allow intervention where no one would be hurt and greater justice could be attained.").

McCray has timely filed this motion, and permitting intervention will not unduly delay or prejudice adjudication of the underlying action, which has already settled and closed.  Defendant argues that because the district court dismissed McCray's hostile work environment claim, her remaining claims and the underlying action do not share a common question of law or fact.  For example, defendant asserts that McCray's discriminatory and retaliatory increased workload allegations are specific to her workload and therefore not related to plaintiff's increased workload claims.  Defendant overstates McCray's burden here.  McCray and plaintiff worked under Duda at the same VA location and alleged that Duda took similar adverse actions against them based on race.  These similarities satisfy the nexus requirement for permissive intervention to access discovery materials subject to a protective order.  See United Nuclear Corp., 905 F.2d at 1427; see also Holmes, 2006 WL 1642719, at *2.

Defendant further argues that even if McCray has a substantial interest in this litigation, she has not demonstrated that she cannot represent her interests in her case.  Under Rule 24(b), however, McCray need not make such a showing.  Instead, if McCray files a motion to modify the protective order, the Court will then consider "saving time and effort in the collateral case by avoiding duplicating discovery."  United Nuclear Corp., 905 F.2d at 1428 (questions of discoverability are for collateral court to decide).  Finally, defendant argues that the Court should

overrule McCray's motion because modifying the protective order would allow McCray access to plaintiff's confidential files.  Again, if McCray files a motion to modify the protective order, the Court will consider this argument.

Because McCray has filed a timely motion, demonstrated that her and plaintiff's claims share common questions of law or fact and permitting intervention will not unduly delay or prejudice adjudication of rights of the original parties, the Court sustains McCray's Rule 24(b) motion.

**IT IS THERFORE ORDERED** that Proposed Intervenor Dashaun McCray's Application To Intervene For The Limited Purpose Of Modifying Protective Order (Doc. #171) filed April 14, 2023 is **SUSTAINED**.

Dated this 25th day of May, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-4-